IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No.: 3:13-1629-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Richland County Sheriff's Department ) | |
| (RCSD); Leon Lott, officially as Sheriff ) | |
| of Richland County (RC) and Warden of ) | |
| the Alvin S. Glenn Detention Center ) | |
| (ASGDC) for injunctive relief and ) | |
| individually for damages; Jeanette ) | REPORT AND RECOMMENDATION |
| McBride, officially as RC's Clerk of ) | |
| Court for injunctive relief and ) | |
| individually for damages; Gafford ) | |
| Thomas Cooper, Jr., individually for ) | |
| damages; Brett Bayne, individually for ) | |
| damages; James R. Barber, III, ) | |
| individually for nominal damages and ) | |
| officially for injunctive relief; RCSD ) | |
| Captain Harry Stubblefield, individually ) | |
| for damages and officially for injunctive ) | |
| relief; RCSD Lieutenant Darryl Price, ) | |
| individually for damages and officially ) | |
| for injunctive relief; RCSD Deputy ) | |
| Calvin Hill, individually for damages; ) | |
| and all their subordinates who did ) | |
| and/or intend to injure Plaintiff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Marie Assa'ad-Faltas, MD, MPH, proceeding pro se and in forma pauperis, alleges a violation of her constitutional rights under 42 U.S.C. § 1983 by state court judges, a judicial law clerk, a state clerk of court, the Richland County Sheriff's

Department ("RCSD"), and employees of the RCSD (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. §636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint without prejudice and without issuance and service of process against all defendants, as detailed herein.

I.     Factual and Procedural Background

Plaintiff filed a complaint on June 14, 2013. [Entry #1]. On June 18, 2013, Plaintiff filed an amended complaint, which reiterates the allegations in the original complaint with some corrective adjustments. [Entry #7]. The amended complaint does not provide any allegations against RCSD. However, Plaintiff alleges a claim of gross negligence against Leon Lott ("Lott") as the RCSD Sheriff and the alleged Warden of the Alvin S. Glenn Detention Center ("ASGDC") for failure to correct the actions of officers. *Id.* at ¶47. Plaintiff further claims that on March 24, 2011, unidentified ASGDC employees placed her in a van that deposited her at a bus station late at night in a dangerous part of town. *Id.* at ¶54. Plaintiff alleges that she walked two blocks to her car on knees which "were physically damaged" during an arrest earlier that day. *Id.* Plaintiff also complains that Lott "leaves female detainees in ASGDC exposed to violent male detainees in the common areas." *Id.* at ¶60.

Plaintiff names defendant Jeanette McBride ("McBride"), Richland County Clerk of Court, for allegedly conspiring with Judge Gafford Thomas Cooper Jr. ("Cooper") to

2

prevent hearings in December 2009 to modify Plaintiff's bond and challenge the constitutionality of a state statute. *Id.* at ¶20. Plaintiff also alleges that McBride instructed staff not to timely serve Plaintiff with notices, *id.* at ¶38, harassed Plaintiff at the Richland County Judicial Center ("RCJC"), *id.* at ¶45, and continues to hinder Plaintiff's access to the RCJC. *Id.* at ¶61.

Plaintiff identifies Cooper as the former Chief General Sessions and Administrative Judge for South Carolina's Fifth Judicial Circuit. *Id.* at ¶13. Plaintiff alleges that she was successful in having reversed one of Cooper's judgments in 2007, resulting in a "presumption of vindictiveness by the City of Columbia and Judge Cooper" against Plaintiff. *Id.* at ¶12. Plaintiff claims that Cooper has been "arbitrary, pretentious and strangely suspicious" of Plaintiff, and has had ex parte contact with a party in one of Plaintiff's prior state cases. *Id.* at ¶14. In addition to conspiring with McBride to prevent hearings in December of 2009, Cooper allegedly removed one of Plaintiff's motions from the docket of another state court judge, preventing the motion from being heard until Cooper became the Chief Administrative Judge in January 2010. *Id.* at ¶20. Plaintiff further claims that Cooper refused to schedule a hearing on Plaintiff's challenge to the constitutionality of a state statute in January 2010 and attempted to "railroad" Plaintiff into a "false conviction by rushing her to trial." *Id.* at ¶¶21–22. Plaintiff asserts that Cooper manipulated Plaintiff's scheduled hearings to prevent her from having a fair trial because of her "(a) ethnicity; (b) immigrant status; and (c) successful exercise of her constitutional right to self-representation." *Id.* at ¶¶25–26. She alleges that Cooper's "invidious refusal to schedule a hearing" resulted in Plaintiff's "pre-trial deprivation of

3

liberty to travel" for thirty-three months and several arrests. *Id.* at ¶¶28, 30, 31. Plaintiff further claims that Cooper issued a "bizarre" order on April 1, 2010, limiting Plaintiff's access to the RCJC to two hours per day or when trials and hearings were scheduled. *Id.* at ¶37. Plaintiff "viewed that order as a trap to call her cases for trial without notice." *Id.* at ¶38.

Defendant Brett Bayne ("Bayne"), law clerk to Cooper in 2011 and 2012, allegedly "signed up" with a private law firm and "abused his office to render services to that firm by sabotaging [Plaintiff's] civil case against that firm's clients." *Id.* at ¶59. Plaintiff further claims Bayne sabotaged Plaintiff's "June 2012 motion to end all travel restrictions." *Id.* Plaintiff names Judge James R. Barber III ("Barber"), Chief Common Pleas Administrative Judge in 2009, 2010, and 2012, for concurring with the order issued by Cooper on April 1, 2010. *Id.* at ¶39. Plaintiff also alleges that Barber made "anti-immigrant remarks from the bench." *Id.* at ¶40.

RCSD Captain Harry Stubblefield ("Stubblefield") and RCSD Lieutenant Darryl Price ("Price") allegedly issued Plaintiff a trespass notice on January 18, 2011, to emphasize the order of April 1, 2010, limiting Plaintiff's time in the RCJC. *Id.* at ¶44. Stubblefield and Price also allegedly harass Plaintiff when she visits the RCJC and hinder her access to the facility. *Id.* at ¶¶45, 61. Plaintiff further claims that Price spread "false rumors" about her around the RCJC, *id.* at ¶25, and physically intercepted her at the RCJC as she tried to speak with a state court judge, "unfairly and unjustifiably" thwarting Plaintiff's "legitimate address to Judge Newman." *Id.* at ¶¶42–43. On March 23, 2011, Plaintiff alleges that she visited the RCJC and sought permission to enter the facility

4

beyond the time permitted by Cooper's April 2010 order. *Id.* at ¶48. Plaintiff alleges she realized that "phone calls were being made to arrest her" and left the building. *Id.* RCSD Deputy Curtis Hill ("Hill") purportedly ran after Plaintiff and arrested her outside the facility. *Id.* at ¶49. Price placed Plaintiff in solitary confinement subsequent to the arrest. *Id.* at ¶50. Plaintiff claims that she suffered an asthma attack in the cell and called for help; however, no officers were present to hear or answer Plaintiff's request for assistance. *Id.* at ¶51. Plaintiff claims to have remained in the cell for approximately two hours, then outside the cell for another hour, before being taken to the ASGDC for booking. *Id.* at ¶52. Price and Hill then allegedly obtained a warrant for trespass, *id.* at ¶52, and a magistrate judge released Plaintiff on bond at approximately 11:00 p.m., with orders not to return to the RCJC. *Id.* at ¶53. Plaintiff asserts that the "false trespass charge was dismissed on or about 20 June 2011 and the arrest record was expunged thereafter." *Id.* at ¶57.

As relief, Plaintiff asks the court to: (1) enjoin all Defendants from arresting Plaintiff for going into a public courthouse or other public building; (2) enjoin Lott from detaining female ASGDC detainees, and order him to establish and maintain a separate and safe detention facility for females; (3) order Barber to pay Plaintiff nominal damages of one dollar; (4) order Barber to desist from making anti-immigrant remarks from the bench; (5) order all Defendants to pay Plaintiff damages; (6) allow the corrected/amended complaint to replace the originally-filed complaint; and (7) grant such other relief as this court deems just and proper. *Id.* at ¶65.

5

II.     Discussion

    A.     Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

6

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   B.   Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff may be able to provide sufficient factual allegations to withstand summary dismissal of her claims against Price and Hill, Plaintiff's allegations against the remaining defendants are subject to summary dismissal as discussed below.

   1.   Richland County Sheriff's Department

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677−78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678−79. In the present case, Plaintiff provides no factual allegations against the RCSD. Thus, Plaintiff's claims against this defendant are subject to summary dismissal.

2.  Leon Lott

Plaintiff does not assert any direct personal allegations against Lott. Instead, Plaintiff alleges claims of supervisory liability against Lott as the Richland County Sheriff and the alleged Warden of the ASGDC. While supervisory officials may be held liable in some circumstances for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's amended complaint fails to demonstrate that Lott was aware of, or deliberately indifferent to, any constitutional risk of injury to her. To the extent Plaintiff alleges a claim of negligence, the law is well-settled that such a claim is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct). Therefore, Lott is entitled to summary dismissal from this case.

3.  G. Thomas Cooper Jr. and James R. Barber III

Plaintiff seeks monetary damages and injunctive relief against Barber for concurring with an order issued by another judge and for remarks made from the bench. Cooper is sued for monetary damages for issuing an order limiting Plaintiff's access to the RCJC and for allegedly "manipulating" the court docket. It is well-settled that judges

8

have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Judges are also protected from claims for injunctive relief as § 309(c) of the Federal Courts Improvement Act, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.[1] Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356−57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, *Mireless*, 502 U.S. at 11, Barber and Cooper are entitled to summary dismissal from the instant case for claims associated with their judicial actions to include the issuance of orders and comments made from the bench.

However, Plaintiff claims that Cooper's actions related to the scheduling of Plaintiff's hearings should be construed as administrative, rather than judicial, acts. [Entry #7 at ¶¶21, 31]. It is true that "a judge's absolute immunity does not extend to actions performed in a purely administrative capacity." *Clinton v. Jones*, 520 U.S. 681, 694–95 (1997); *see also Forrester v. White,* 484 U.S. 219, 229–30 (1988). Plaintiff

---

[1] Plaintiff does not allege that the prerequisites for injunctive relief have been satisfied.

alleges that Cooper denied hearings which would have: (1) "certainly resulted in a ruling benefiting her" [Entry #7 at ¶31]; (2) resulted in a jury's acquittal of Plaintiff's harassment charge [*id.* at ¶28]; (3) resulted in a speedier disposition of other pending criminal charges [*id.*]; and (4) prevented Plaintiff's subsequent arrests and periods of incarceration [*id.* at ¶30]. While Plaintiff speculates that Cooper's docket management caused her prejudice and injury, speculation and conjecture are insufficient to state a violation of Plaintiff's constitutional rights under § 1983. *See United States v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966) (holding a speculative claim insufficient to support a finding of actual prejudice in case alleging constitutional violation based on failure to provide a speedy trial); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Specificity is necessary so that [defendants] are not required to file unnecessary responses to speculative allegations."). Thus, to the extent Cooper's actions may be construed as administrative acts, Plaintiff's claims against him are still subject to summary dismissal.

       4.  Jeanette McBride, Brett Bayne, Harry Stubblefield

Plaintiff claims that McBride and Stubblefield hindered her access to the RCJC pursuant to the 2010 order issued by Cooper. Bayne is named for actions taken as Cooper's judicial law clerk. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation

10

omitted). In the "recognized immunity enjoyed by judicial and quasi-judicial officers . . . there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); *see also Jackson v. Houck*, No. 05-7769, 2006 WL 1344807 (4th Cir. May 17, 2006) (judicial law clerk entitled to quasi-judicial immunity for following the directive of a judge); *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972) ("all public officers who act in obedience to a judicial order or under the court's direction" are entitled to immunity), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). Thus, actions taken by McBride, Stubblefield, and Bayne pursuant to judicial directive or Cooper's 2010 order are protected by quasi-judicial immunity.[2]

In addition, Plaintiff's allegation that McBride instructed staff not to serve Plaintiff with notices, and that Bayne sabotaged one of Plaintiff's civil cases, are also subject to summary dismissal. Plaintiff provides no facts to support these bare allegations and such "conclusions . . . devoid of further factual enhancement" are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

     5.    Conspiracy

Plaintiff alleges that McBride and Cooper conspired to violate her constitutional rights. Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and

---

[2] Court personnel are likewise protected from injunctive relief. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); *Gilmore v. Bostic*, 636 F. Supp. 2d 496, 506 (S.D.W. Va. 2009) (collecting cases).

11

proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir.1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir.1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). In the present action, Plaintiff provides no concrete facts to demonstrate that the McBride and Cooper had any mutual understanding, or acted "jointly in concert" to deprive her of any constitutional right. *See Hinkle v. City of Clarksburg, W. Va*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157 (4th Cir. June 17, 2008). Thus, to the extent Plaintiff alleges a cause of action for conspiracy arising under § 1983 or § 1985, her claim must fail.

      6.      Darryl Price and Calvin Hill

Plaintiff asserts that on March 23, 2011, she sought permission to enter the RCJC beyond the time permitted by Cooper's April 2010 order, but states that she left the building after she realized that "phone calls were being made to arrest her." [Entry #7 at ¶48]. She claims that Hill arrested her outside the RCJC and that Price placed her in solitary confinement subsequent to the arrest. *Id.* at ¶¶49–50. Plaintiff claims that she suffered an asthma attack in the cell and called for help; however, no officers were present to hear or answer her request for assistance. *Id.* at ¶51. She contends that Price and Hill then obtained a warrant for trespass and that the false trespass charge was ultimately dismissed. *Id.* at ¶52, ¶57.

12

Although Plaintiff's amended complaint arguably states claims of false arrest, false imprisonment, and deliberate indifference to medical needs against Price and Hill, her complaint does not contain a short and plain statement of her claims against these defendants as required by Fed. R. Civ. P. 8(a). Consequently, the undersigned recommends dismissing the claims against Price and Hill without prejudice and with leave for Plaintiff to file a second amended complaint within 15 days of the issuance of the district judge's order on this Report and Recommendation. The undersigned further recommends that Plaintiff be advised that in the event she chooses to file a second amended complaint, it should set forth only her claims against Price and Hill and omit allegations against any other defendant recommended for dismissal and allegations against any other individual not previously identified as a defendant in this matter. Additionally, the undersigned recommends that Plaintiff be advised that if she files a second amended complaint, each numbered paragraph should contain only a one-sentence allegation, that her statement of the facts should contain no conclusions of law, and that she should omit any superfluous references to statutes, case law, and her prior litigation.

III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that the amended complaint be dismissed without prejudice and without issuance and service of process as to the following defendants: Richland County Sheriff's Department; Leon Lott; Jeanette McBride; G. Thomas Cooper Jr.; Brett Bayne; James R. Barber III; and Harry Stubblefield. It is further recommended that the amended complaint be dismissed

without prejudice and without issuance and service of process as to Darryl Price and Calvin Hill, but with leave to file a second amended complaint against Price and Hill within 15 days of the issuance of the district judge's order on this Report and Recommendation and in accordance with the directions set forth above.

    IT IS SO RECOMMENDED.

August 26, 2013                                        Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).