IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No.: 3:13-1629-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Richland County Sheriff's Department ) | |
| (RCSD); Leon Lott, officially as Sheriff ) | |
| of Richland County (RC) and Warden of ) | |
| the Alvin S. Glenn Detention Center ) | |
| (ASGDC) for injunctive relief and ) | |
| individually for damages; Jeanette ) | REPORT AND RECOMMENDATION |
| McBride, officially as RC's Clerk of ) | |
| Court for injunctive relief and ) | |
| individually for damages; Gafford ) | |
| Thomas Cooper, Jr., individually for ) | |
| damages; Brett Bayne, individually for ) | |
| damages; James R. Barber, III, ) | |
| individually for nominal damages and ) | |
| officially for injunctive relief; RCSD ) | |
| Captain Harry Stubblefield, individually ) | |
| for damages and officially for injunctive ) | |
| relief; RCSD Lieutenant Darryl Price, ) | |
| individually for damages and officially ) | |
| for injunctive relief; and RCSD Deputy ) | |
| Calvin Hill, individually for damages; ) | |
| and all their subordinates who did ) | |
| and/or intend to injure Plaintiff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the motion of Marie Assa'ad-Faltas, MD, MPH ("Plaintiff"), filed on August 23, 2013, seeking a temporary restraining order and preliminary injunction ("TRO Motion"). [Entry #15].

I.      Factual and Procedural Background

The TRO Motion alleges that defendant James R. Barber III issued an order on March 7, 2013, reappointing Theodore N. Lupton ("Lupton") as Plaintiff's attorney in state court. [Entry #15 at 1; Entry #15-1 at 2]. Plaintiff claims that Lupton "insisted on trials for all five misdemeanor charges pending against [Plaintiff]," and, in doing so, jeopardized Plaintiff's health. [Entry #15 at 2]. While Lupton allegedly "won three of the five trials," Plaintiff claims to have appealed the decisions in the "two trials lost." *Id.* The TRO Motion further alleges that Plaintiff's state court appeals have not been timely scheduled, resulting in "indefinite pretrial (now pre-appeal) deprivations of liberty for charges that ultimately prove false and is threatened and falsely arrested for contempt of court for seeking her rights." *Id.* at 4. Plaintiff alleges:

> Defendants are now planning to falsely accuse [her] of a hundred new crimes to convict her of twenty. The new false crime is contempt of court for asking the attorneys forced on her to be effective. Only the TRO sought herein can thwart Defendants' new schemes necessitated by their need to eliminate [Plaintiff] because, in thwarting their 2009–2012 schemes, she learned too much and is now more "dangerous" to them than by co-owning 324 Byron.

*Id.* Thus, Plaintiff seeks a TRO for:

> (1) Defendants Barber, Cooper and McBride to set [Plaintiff's] appeals 2013-CP-40-3522 and 3525 for hearing before a non-recused judge; (2) McBride to accept from [Plaintiff] all submissions any *pro se* party may file; (3) Defendants to allow [Plaintiff] unfettered access to "1701 Main" and all public records housed therein at all open-for-business hours; (4) Judge Barber to vacate his attached 7 March 2013 Order reappointing Lupton against [Plaintiff's] will; (5) McBride to retrieve from Columbia's Municipal Court ("CMC") all records, including audio-recordings and exhibits, of all cases in which [Plaintiff] was a defendant or a witness; and (6) [Plaintiff] to be informed of, and heard on, the probation of Charlene Crouch and Corey Curry.

*Id.* at 1. Plaintiff claims that the issuance of a TRO will prevent Defendants from "(1) tampering with records; (2) keeping [Plaintiff's] cases unheard indefinitely; and (3) trying to frame her on new false charges." *Id.*

II.   Discussion

   A.   Standard of Review

A party seeking a preliminary injunction must establish all four of the following elements: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that she is likely to succeed on the merits of her claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, she must make a clear showing that she is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See Real Truth About Obama, Inc. v. Fed. Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

B.     Analysis

The TRO Motion alleges that Plaintiff has been provided ineffective assistance of counsel in her state court cases. [Entry #15 at 1–2].  Plaintiff also alleges the denial of a timely appeal of two cases lost at trial, but provides no facts to demonstrate a likelihood of success on appeal. [Entry #15 at 4].  Thus, as an initial matter, Plaintiff fails to demonstrate that she is likely to succeed on the merits of her claims in the TRO Motion or underlying civil rights action.[3]

Further, the Supreme Court has held that a federal court should not equitably interfere with state proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  In *Younger,* the Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44.  The present TRO Motion alleges

---

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

[3] Plaintiff's amended complaint in this case has been recommended for summary dismissal, with leave to file a second amended complaint against Defendants Darryl Price and Calvin Hill within fifteen days of the issuance of the district judge's order ruling on the Report and Recommendation. [Entry #17].

4

that Plaintiff will be harmed by defendants' scheme to "falsely" accuse her of new crimes. [Entry #15 at 4]. However, Plaintiff's allegations rest on mere speculation or conjecture, and she fails to demonstrate the lack of an adequate remedy at law to address these issues in state court.

In addition, Plaintiff fails to meet her burden of proving that the balance of equities tips in her favor, and states only that Defendants cannot "claim to be harmed by [Plaintiff's] exercising her constitutional rights." [Entry #15 at 4]. Finally, Plaintiff asks the court to find that she has "fully satisfied the public interest element," but fails to show how public interest would be served by granting the TRO Motion. *Id.* Because Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's TRO Motion should be denied.

III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's TRO Motion [Entry #15].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 27, 2013                                      Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).