IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No. 3:13–cv-1629-TLW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Richland County Sheriff's Department (RCSD); Leon ) | |
| Lott, *officially as Sheriff of Richland County (RC) and* ) | |
| *Warden of the Alvin S. Glenn Detention Center (ASGDC)* ) | |
| *for injunctive relief and individually for damages*; Jeanette ) | |
| McBride, *officially as RC's Clerk of Court for injunctive* ) | |
| *relief and individually for damages*; Gafford Thomas ) | |
| Cooper, Jr., *individually for damages*; James R. Barber, III, ) | |
| *individually for nominal damages and officially for* ) | |
| *injunctive relief*; RCSD Captain Harry Stubblefield, ) | |
| *individually for damages and officially for injunctive* ) | |
| *relief*; RCSD Lieutenant Darryl Price, *individually for* ) | |
| *damages and officially for injunctive relief*; RCSD Deputy ) | |
| Calvin Hill, *individually for damages*; and all their ) | |
| subordinates who did and/or intend to injure Plaintiff, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**ORDER**

Plaintiff, Marie Assa'ad-Faltas, MD, MPH ("plaintiff"), proceeding pro se, filed this action on

June 14, 2013 alleging violations of her constitutional rights under 42 U.S.C. § 1983 by a number of

defendants, including state court judges, a judicial law clerk, the Richland County Sheriff's Department

("RCSD"), and employees of the RCSD (collectively "defendants"). (Doc. #1; Doc. #7). Plaintiff filed

a Motion for Temporary Restraining Order ("TRO") on August 23, 2013. (Doc. #15).

This matter now comes before this Court for review of the Report and Recommendation

("the Report") issued on August 28, 2013 by United States Magistrate Judge Shiva V. Hodges, to

whom this case was assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2)(d) (D.S.C.).  (Doc. #20).  The plaintiff filed objections to the Report on September 6,

2013.  (Doc. #22).

This Court is charged with conducting a de novo review of any portion of the Magistrate

Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in

whole or in part, the recommendations contained in that report.  28 U.S.C. § 636.  In conducting this

review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party
> may file written objections. . . . The Court is not bound by the recommendation of
> the magistrate judge but, instead, retains responsibility for the final determination.
> The Court is required to make a de novo determination of those portions of the report
> or specified findings or recommendation as to which an objection is made.  However,
> the Court is not required to review, under a de novo or any other standard, the factual
> or legal conclusions of the magistrate judge as to those portions of the Report and
> Recommendation to which no objections are addressed.  While the level of scrutiny
> entailed by the Court's review of the Report thus depends on whether or not
> objections have been filed, in either case, the Court is free, after review, to accept,
> reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations

omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and

Recommendation and the plaintiff's objections thereto.  In the Report, the Magistrate Judge

recommends that the District Court deny plaintiff's motion for temporary restraining order.  (See

Doc. #20).  After careful consideration, this Court accepts that recommendation.

Plaintiff seeks injunctive relief in the form of a temporary restraining order, which is

governed by the same general standards that govern the issuance of a preliminary injunction.

Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).  As a form of

preliminary injunctive relief, a temporary restraining order is an "extraordinary remedy" that is

"never granted as of right."  Winter v. Natural Res. Council, Inc., 555 U.S. 7, 24 (2008).

3:13-cv-01629-TLW     Date Filed 09/17/13     Entry Number 24     Page 3 of 3

A plaintiff seeking injunctive relief must establish each of the following four elements: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) that the injunction is in the public interest. Winter, 555 U.S. at 19–20; Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[1]  Moreover, a plaintiff must demonstrate more than the mere "possibility" of irreparable harm because injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief. See Real Truth, 575 F.3d at 346 (citing Winter, 555 U.S. at 19–22).

After careful de novo review, this Court finds that the plaintiff has failed to establish all of the elements required for the issuance of a temporary restraining order. Accordingly, this Court **ACCEPTS** the Magistrate Judge's Report and Recommendation (Doc. #20).

**IT IS ORDERED** that the plaintiff's Motion for Temporary Restraining Order (Doc. #15) be and hereby is **DENIED.**

**IT IS SO ORDERED.**

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

September 16, 2013
Columbia, South Carolina

---

[1] In light of the Supreme Court's decision to vacate Real Truth About Obama, Inc. on other grounds, the Fourth Circuit Court of Appeals expressly reissued the portions of that opinion that articulated the revised preliminary injunction standard. See Real Truth About Obama, Inc. v. Fed. Election Comm'n, 607 F.3d 355, 355 (4th Cir. 2010).

3