IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No. 3:13–cv-1629-TLW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Richland County Sheriff's Department (RCSD); Leon ) | |
| Lott, *officially as Sheriff of Richland County (RC) and* ) | |
| *Warden of the Alvin S. Glenn Detention Center (ASGDC)* ) | |
| *for injunctive relief and individually for damages*; Jeanette ) | |
| McBride, *officially as RC's Clerk of Court for injunctive* ) | |
| *relief and individually for damages*; Gafford Thomas ) | |
| Cooper, Jr., *individually for damages*; James R. Barber, III, ) | |
| *individually for nominal damages and officially for* ) | |
| *injunctive relief*; RCSD Captain Harry Stubblefield, ) | |
| *individually for damages and officially for injunctive* ) | |
| *relief*; RCSD Lieutenant Darryl Price, *individually for* ) | |
| *damages and officially for injunctive relief*; RCSD Deputy ) | |
| Calvin Hill, *individually for damages*; and all their ) | |
| subordinates who did and/or intend to injure Plaintiff, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

Plaintiff, Marie Assa'ad-Faltas, MD, MPH ("plaintiff"), proceeding pro se, filed this action on June 14, 2013 alleging violations of her constitutional rights under 42 U.S.C. § 1983 by a number of defendants, including state court judges, a judicial law clerk, the Richland County Sheriff's Department ("RCSD"), and employees of the RCSD (collectively "defendants"). (Doc. #1; Doc. #7).

The Plaintiff filed her complaint in the above-captioned case pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the *in forma pauperis* statute authorizes a District Court to dismiss a case upon

a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A finding of frivolity can be made if the Court finds that the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under section 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 319 (1989).

This Court is required to liberally construe plaintiff's pro se complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Accordingly, this Court has liberally and carefully construed the complaint in this case. Pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure). In addition, the United States Supreme Court has made clear that, under Federal Rule of Civil Procedure 8, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, that, when accepted as true, states a claim that is plausible on its face. Id. Additionally, the reviewing court need only accept as true the factual allegations, and not the legal conclusions, contained in the complaint. Id.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on August 28, 2013 by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #17). The plaintiff filed objections to the Report on September 12, 2013. (Doc. #23).

In the Report, the Magistrate Judge recommends that the District Court dismiss the plaintiff's amended complaint without prejudice and without issuance and service of process as to the following defendants: Richland County Sheriff's Department; Leon Lott; Jeanette McBride; Gafford Thomas Cooper, Jr.; Brett Bayne; James R. Barber III; and Harry Stubblefield. (See Doc. #17). This Court accepts that recommendation. In addition, the Magistrate Judge further recommends that the District Court dismiss the plaintiff's amended complaint without prejudice and without issuance and service of process as to Darryl Price and Calvin Hill. (See Doc. #17). This Court accepts that recommendation. The Magistrate Judge further recommends that the plaintiff be allowed to file a

second amended complaint in accordance with the Report within fifteen (15) days of entry of this Court's Order. (See Doc. #17). Plaintiff has previously amended her complaint in this matter. (See Doc. #7). Plaintiff has made no motion to amend her complaint a second time. This Court further concludes that the allegations of the first amended complaint fail to state claims against defendants Darryl Price and Calvin Hill for false arrest, false imprisonment, or deliberate indifference to medical needs, among other things. For these reasons, this Court does not accept the recommendation that the plaintiff should be allowed to file a second amended complaint in this matter.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and Recommendation and the plaintiff's objections thereto. This Court determines that plaintiff's

objections to the Report are without merit. Accordingly, after careful consideration, this Court **ACCEPTS**, in part, the Magistrate Judge's Report and Recommendation (Doc. #17), as stated.

The Court has carefully reviewed, de novo, plaintiff's first amended complaint and concludes that dismissal of the above-captioned case in its entirety against all defendants is appropriate under 28 U.S.C. § 1915(e)(2)(B) for the reasons set forth herein. Accordingly, **IT IS ORDERED** that the above-captioned case be, and hereby is, **DISMISSED** in its entirety, without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
TERRY L. WOOTEN<br>
Chief United States District Judge

September 17, 2013<br>
Columbia, South Carolina